UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON L. ROPER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-CV-71 CDP |
| BILL STANGE[1], | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus. After review of the application for writ, the Court will transfer this case to the United States District Court for the Western District of Missouri in the interest of justice.

Petitioner, a Missouri state prisoner, seeks "injunctive relief" to vacate all state criminal charges against him in *State v. Roper*, No. 03CR72726-01(5th Judicial Circuit, Buchanan County Court). He seeks "immediate release" from confinement because of his alleged unlawful conviction. Although styled as a civil action seeking injunctive relief, petitioner's request for release from confinement can only be interpreted as an action brought pursuant to habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Because petitioner is "in custody pursuant to the judgment of a State court," he may obtain habeas relief only pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001) (holding that even if state prisoner is challenging the manner in which his sentence is

---

[1]Petitioner has named as respondent the State of Missouri. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Bill Stange, Warden of Southeast Correctional Center, is the proper respondent. As such, the Court will instruct the Clerk of Court to change the docket to reflect the proper respondent in this action brought pursuant to 28 U.S.C. § 2254.

being executed, his claim for habeas relief is under § 2254, not § 2241); *see also Wayne v. Mo. Bd. of Prob. and Parole*, 83 F.3d 994, 995 (8th Cir. 1996) (analyzing challenge to parole decision under § 2254). The Court will construe plaintiff's petition, therefore, as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *E.g.*, *United States v. Farley*, 971 F. Supp. 184, 185 (E.D. Pa. 1997) (habeas petitioners may not circumvent AEDPA's requirements through creative titling of their petitions).

Petitioner is incarcerated in the Eastern District of Missouri. Petitioner's conviction, however, arose in the Western District of Missouri, in Buchanan County.[2] The Eastern District of Missouri and the Western District of Missouri both have jurisdiction over the petition. *See* 28 U.S.C. § 2241(d). In an instance such as this, the Court may transfer the petition to the Western District "in furtherance of justice . . ." *Id.* Additionally, the Court has entered an administrative order stating that, absent any unusual circumstances any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court,* January 27, 1986. As a result, the Court will order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF #3] will be held in abeyance pending ruling by the United States District Court for the Western District Court of Appeals.

---

[2] Petitioner is contesting his conviction and sentence in *State v. Roper*, No. 03CR72726-01 (5th Judicial Circuit, Buchanan County Court). He states that he filed an appeal of his sentence in *State v. Roper*, No. WD64673 (Mo.Ct.App.2006). Additionally, petitioner claims that he filed two motions for post-conviction relief in *Roper v. State*, No. 14BU-CV00900 (5th Judicial Circuit, Buchanan County Court) and *Roper v. State*, No. 20BU-CV00498 (5th Judicial Circuit, Buchanan County Court). It appears from Missour.Case.Net that petitioner also filed two state applications for writ of habeas corpus, *Roper v. Dormire,* No. 08AC-CC00048 (19th Judicial Circuit, Cole County Court) and *Roper v. Dormire*, No. WD69930 (Mo.Ct.App.2008).

2

**IT IS FURTHER ORDERED** that the Clerk shall change the respondent's name on the docket from the State of Missouri to Bill Stange in accordance with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this action brought pursuant to 28 U.S.C. § 2254 to the United States District Court for the Western District of Missouri in furtherance of justice. *See* 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this matter.

Dated this 8th day of June, 2021.

                                           _____
                                           CATHERINE D. PERRY
                                           UNITED STATES DISTRICT JUDGE